IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:21-cr-00345-ECM-SMD |
| | ) | |
| STEVEN ANTHONY JACKSON | ) | |

### MOTION FOR UPWARD VARIANCE OR DEPARTURE

Comes now the United States of America, by and through Sandra J. Stewart, United States Attorney for the Middle District of Alabama, and moves this Honorable Court to allow the government to file an Out of Time Motion for an Upward Variance. As grounds, the government asserts the following:

1. Defendant was indicted on July 14, 2021 for two counts of the Sexual Exploitation of a Child. On November 4, 2021, the parties entered into a "Rule 11(c)" plea agreement which was filed with the court on December 29, 2021. The Defendant entered a plea before the magistrate judge in contemplation of that agreement.

2. On March 28, 2022, the District Court issued a Notice of Intent to Reject the Plea Agreement. The plea was withdrawn.

3. On April 12, 2022, the parties entered into a "Rule 11(b)" plea agreement which was filed with the court on April 18, 2022. The Defendant entered a plea before the magistrate judge in contemplation of that agreement. Sentencing was set for June 30, 2022. On April 28, 2022, the District court entered an order resetting the sentencing hearing to June 7, 2022.

4. Plea agreement is pursuant to Federal Rules of Criminal Procedure Rule 11(c)(1)(A) and 11(c)(1)(B). The government has agreed pursuant to (A) to dismiss

       count 1 and pursuant to (B) to recommend the statutory maximum of 30 years to run concurrently with related state convictions. The effect of this is to reduce the potential sentence (two 30-year sentences totaling 60 years) to thirty years.

5. The Presentence Report indicates that based upon the pertinent facts, the Sentencing Guidelines carry a range of punishment from 235 months to 293 months. The government has previously indicated to the defendant that it intends to recommend a sentence of 360 months (the statutory maximum).

6. The Presentence Report also indicates that a departure may be warranted by:

    a. USSG §5K2.0 – defendant's conduct in dismissed charge resulted in the improper arrest of a 3rd party.

    b. USSG §5K2.21 – departure may be warranted by the seriousness of the charge with consideration of dismissed charges.

7. The Presentence Report also indicates that a variance may be warranted by:

    a. 18 U.S.C. §3553(a)(1) – the need for an upward variance to reflect the nature and circumstances of the offense and the history and characteristics of the defendant.

    b. The government has agreed to a sentence of thirty years.

The government moves for an upward departure and variance in this case.

## I. DEPARTURE

Government asserts the Federal Sentencing Guidelines support an upward departure under the facts of this case. Specifically, USSG § 5K2.0(a)(1)(B) provides, "In the case of child crimes and sexual offenses, the court finds, pursuant to 18 U.S.C. § 3553(b)(2)(A)(i), that there exists an aggravating circumstance, of a kind, or to a degree, not adequately taken into

consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), should result in a sentence different from that described." In this case, the sentencing guidelines contemplate the production of child pornography [§ 2G2.1], a victim between the ages of 12 and 16 [§ 2G2.1(b)(1)(B)], distribution [§ 2G2.1(b)(3)], a relative relationship [§ 2G2.1(b)(5)], and the use of a computer [§2G2.1(b)(6)(B)]. The guidelines do not contemplate that the dismissed count was an orchestrated scheme to frame an innocent person (the victim's grandmother). The guidelines further do not contemplate related conduct wherein the defendant has engaged in uncharged conduct wherein he sent explicit images to a child (Presentence Report paragraph 15) and had sexual contact with a five year old child when he was a juvenile (Presentence Report paragraph 14). USSG § 5K2.21 provides, "The court may depart upward to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement in the case, or underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable guideline range." In this case, the dismissed charges are not adequately contemplated in the calculation of the sentencing guidelines. Neither the age of the victim nor the number of victims is used to set out an adequate sentence. A departure is merited in this case.

## II. VARIANCE

18 U.S.C.A. § 3553(b)(2) provides:

> (2) Child crimes and sexual offenses.--
>
> (A) Sentencing.--In sentencing a defendant convicted of an offense under … 110, … the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless--

>    (i) the court finds that there exists an aggravating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence greater than that described.

In this case, the contemplated sentence does not adequately account for the circumstances of the offense and the defendant's personal characteristics or history. In addition to the sexual nature of the instant offense, the defendant's motive in the dismissed count one was one of revenge and malice. Presentence Report paragraphs 13, 16, and 17. More than sexual gratification, his actions were intended to cause distress to his child's grandmother and were in reckless disregard of the safety and well-being of his child. The guidelines further do not contemplate his extensive acts of self-gratification in virtually all aspects of his life.

## CONCLUSION

The government and defendant have agreed to a thirty-year sentence. In contemplation of such a sentence, the government has agreed to cut in half the maximum sentence in this case. Accordingly, the government moves this court to grant a variance or departure to allow a thirty-year sentence.

Respectfully submitted this the 18th day of May, 2022.

>   SANDRA J. STEWART
>   UNITED STATES ATTORNEY
>
>   */s/ J. Patrick Lamb*
>   J. PATRICK LAMB
>   Assistant United States Attorney
>   131 Clayton Street
>   Montgomery, AL  36104
>   Tel: (334) 223-7280
>   Email: james.lamb@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 1:21-cr-00345-ECM-SMD |
| | ) |
| STEVEN ANTHONY JACKSON | ) |

### CERTIFICATE OF SERVICE

I, J. Patrick Lamb, Assistant United States Attorney, hereby certify that on this the 18th day of May, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

SANDRA J. STEWART
UNITED STATES ATTORNEY

*/s/ J. Patrick Lamb*
J. PATRICK LAMB
Assistant United States Attorney
131 Clayton Street
Montgomery, AL  36104
Tel: (334) 223-7280
Email: james.lamb@usdoj.gov

5