IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CASE NO.: 1:21-CR-345-ECM-SMD |
| ) | |
| STEVEN ANTHONY JACKSON ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S SENTENCING MEMO
AND TO GOVERNMENT'S MOTION FOR UPWARD VARIANCE**

On behalf of Mr. Jackson, undersigned counsel makes the following response to the Government's Motion for Upward Variance (Doc. 56) and to the Government's Second Sentencing Memorandum (filed June 2, 2022).

1. Both parties agree, as addressed in Mr. Jackson's Sentencing Memoranda, that the primary issue for Mr. Jackson is his request for a federal sentence which is concurrent to his anticipated state sentences. If the Court imposes a concurrent sentence, whether it is 293 months or 360 months, Mr. Jackson will still be required to serve federal time in excess of the anticipated state sentence of twenty-five years. This is because (1) he has already served more than two years that will never be credited to a federal sentence and (2) any federal sentence will not begin until it is imposed. It is also possible that jail credit for a federal sentence will not be calculated until Mr. Jackson arrives at a federal institution.

2. The Eleventh Circuit requires that an upward departure based on U.S.S.G. § 5K2.21 ("Dismissed and Uncharged conduct") must "shed[] further light on the true nature of the offense of conviction." *United States v. Ellis*, 419 F.3d 1189, 1193 (11th

Cir. 2005).   There must be some factual connection between the uncharged conduct and the offense of conviction. *United States v. Newsom*. 508 F.3d 731, 734 - 735 (5th Cir. 2007).

3.   If the Court determines that a sentence of thirty years, as requested by the Government's motion, is appropriate, then this sentence should be imposed to be concurrent to the sentence for the related state charges.   Section 5G1.3(c ) of the Sentencing Guidelines states that where "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." While the basis for an upward variance need not be "relevant conduct," in this case it would be, thus requiring the application of U.S.S..G. § 5G1.3.

Respectfully submitted,

**/s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Federal Defenders
Middle District of Alabama
817 South Court Street
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: Christine_Freeman@fd.org

## **CERTIFICATE OF SERVICE**

 I hereby certify that on June 2, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

        Respectfully submitted,

        **/s/Christine A. Freeman**
        **CHRISTINE A. FREEMAN**
        **TN BAR NO.: 11892**
        Federal Defenders
        Middle District of Alabama
        817 South Court Street
        Montgomery, AL 36104
        TEL:  (334) 834-2099
        FAX:  (334) 834-0353
        E-Mail: Christine_Freeman@fd.org